RECEIVED
BY MAIL

APR 22 2010

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE UNITED STATE DISTRICT COURT

FOR THE EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

Darrell Whitehorn
Petitioner

)
)
)
)

VS.                                          )Case No. 4:09CV881 HEA/AGF
                                             )
                                             )
Dave Dormire,                                )
       Respondent                            )
                                             )

PETITIONER'S RESPONSE TO THE RESPONDENT'S
RESPONSE TO AMENDED HABEAS PETITION

COME NOW, Darrell Whitehorn Petitioner being pro se and without any legal knowledge
or counsel and/or without any assistance from The Department of Correction Center
supposedly legal inmates employ (OFFENDERS RULEBOOK FOR MISSOURI DEPARTMENT OF CORRECTION
page 65 reads Exhibit-A "Mind Your Own Business" Don't discuss your personal business
such as money, sentence/offense, family, career, criminal history, ect) who are without
any legal schooling or knowledgeability and/or incompetent, not qualified in legal terms
(INADEQUATE), ask this Honorable Court to grant this Motion of Petitioner's Response
To The Respondent's Response To Amended Habeas Petition. 2244 (ii) "The facts underlying
the claim, if proven and viewed in light of the evidence as a whole, would be sufficient
to establish by clear and convincing evidence that, but for constitutional error, no
reasonable factfinder would have found the application guilty of the underlying offense".

AUGMENTS & FACTS

1) There is insufficient evidence which (Tr.216) in the state's Opening Statement, the
state clearly said that the alleged victim said " She doesn't go to the hospital because,
well, her boyfriend had been over earlier, she had had unprotected sex. She's watched
ENOUGH television to "KNOW" if there is any sperm inside of her it's probably her
boyfriend's so she doesn't go: thus (Tr.403) the alleged victim testified that she told

told the police that the person who allegedly raped you had used a "Condom": Fed    Rule

Evidence of specific instances of sexual behavior by the alleged victim offered to prove

that a person other than the accused was the source of semen, injury or other physical

evidence: Socks-Brunot v. Hirschvogel Inc 184 Fed 113 1999 U.S. Dist. The United State

Supreme Court has recognized that in various circumstances a defendant may have a right

to introduce evidence otherwise precluded by an evidence rule under the conforntation

Clause "See Olden v. Kentucky 488 U.S. 227 1988. (Defendant in rape cases had right

to inquire into alleged victim cohabitation with another man to show bias). State's

Opening Statement of victim own word clearly shows bias.

2) The state says that The United State Supreme Court has never ruled on whether a

criminal defendant has a Constitutional Right to severance of charges in a criminal

trial and if so, there is NO NEW GROUND "break" because it's law. United State v. Nickol-

son 2010 U.S. App. and United State v. Smith 962 F. 2d 923,935 (9th Cir. 1992)( New

trial due to prosecutor's recurrent harping on key issue particularly when the jury

knows the statement had to be incorrect: The state content in their response that "The

jury already knew that the victim had given the police inconsistent statements" and

in (Tr. 622) don't argue or establish the facts that the jury was capable of separating

the evidence and considering each crime by itself because of the many inconsistent

statements made in the Police Report, Her Testimony, Trial Testimony and the fact that

there was another who falls solely on the only description given by the victim, Thus

if the jury would have had the opportunity to view the victim's boyfriend, the jury

would have had the opportunity to see the victim's inconsistent lies and the petitioner

would have been acquitted on all charges. No were in the state's response to petitioner

Appeal, 29.15 or Post-Conviction did the state explain or demonstrate that the jury

knew about all the inconsistent which prejudiced and a manifest injustice to the

petitioner rights to a fair trail: Rule 403 Gonzales v. Flores 418 F. 3d 1093,1098 (9th

Cir. 2005).

NOTE: The jury was presented with two different crime involving two separate victims, two separated circumstances: Their ages are years apart, one alleged crime was to supposedly happen in a remote location, in a automobile, in a alley. No force was used, no injury resulted to the alleged victim, no alleged condom was used: Now the other alleged victim claimed that force was used, there were supposedly injury, allegedly it happen in victim's apartment, a necklace was supposedly taken and threats were supposedly made and petitioner was involved with victim for at least a year, clearly these two alleged crimes are not close State v. Bernard 849 S.W. 2nd 10 Mo. 1993 and State v. Connelly 873 S.W. 2nd 233,237 Mo. 1994, Petitioner ask for Evidentiary Hearing or New Trial.


3) The United State Supreme Court has recognized that the reasonableness of counsel's performance is to be judged by prevailing professional norms. Strickland at 688. And in proving prejudice, petitioner shows "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different". State v. Shurn, 866 S.W. 2d 447,468 (Mo. banc 1993). To be effective, trial counsel must investigate and prepared for trial; failure to do so deems ineffective assistance of counsel. Perkey v. State 68 S.W. 3d 547,552 (Mo. App. W.D. 2001); Foster v. Lockhart, 9F 3d 722(8th Cir.1993); Dillard v. State 137 S.W. 3d 483(Mo. App. S.D. 2004) Petitioner's attorney failed to allow a staff or paid investigator to take the photographs knowing that any reasonably competent counsel would have assembled "Clear", helpful photographs to illustrate her defense that the totality of Ms. Johnson's testimony did not square with the physical evidence or her story. The evidence trial counsel had to confront Ms. Johnson's testimony and undermine her believability were the photographs will show it's would have been impossible for petitioner or anyone to bang on the window of a fenced patio and sprint around to the front door-on the other side of the complex-in as few as three seconds (Tr.410-411). But for the evidence these photographs could have offered the outcome of the trial would have been different if petitioner's attorney would have

allowed an staff or outside paid investigator to take the photos which were not admitted. The Motion court's denial of relief on this record thus petitioner's right to due process and effective assistance of counsel as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United State Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution. This Court should reverse and remand the case for an Evidentiary Hearing or New Trial.

4) At trial, the court inquired of petitioner whether he understood he had the right to testify (Tr. 575,77). The court led petitioner to agree he had talked to his lawyer and that petitioner's "PRIOR" would come out should he testify (Tr. 575,576), petitioner was uncertain (Tr.576) with the present of the jury "The Court: And but even given that, that's no complete blockage to you testifying. "You want to walk up "HERE" and testify in "FRONT" of the jury you have an absolute right to do that, do you understand that? But when asked what petitioner's decision was, petitioner betrayed uncertainty, "I don't know. No, I don't feel I should testify, sir." The court forged ahead, not so much asking, but stating. A defendant's right to testify is a fundamental constitutional right, which is personal to the defendant and cannot be waived by counsel. Jones v. Barnes, 463 U.S. 745,751 (1983) Here, petitioner waived his right to testify, but did so equivocally. The court had a duty to ensure petitioner's waiver was voluntary and intelligent, but instead the court led petitioner through an idealized explanation by counsel, which explanation-as the question suggested: Notwithstanding his assent to the court's colloquy, petitioner was uncertain how to proceed (Tr.577) In order for the record to refute petitioner's claim, the statements made by him must be "SPECIFIC" enough to conclusively refute his position. Johnson v. State 921 S.W. 2d 48,51 (Mo. App. W.D. 1996) Here, because petitioner equivocated as to if he wanted to testify, a hearing on his claim is warranted.

DISHONEST:          "Disposition to lie, cheat, deceive or defraud,

                    untrustworthiness; lack of integrity".

DECEIT:                          "A fraudulent and deceptive misrepresentation,

                                  misrepresentation, artifice, or device, used

                                  by one or more persons to deceive and trick

                                  another, who is ingnorant of the true facts,

                                  to the prejudice and damage of the party

                                  imposed upon".

MISREPRESENTATION:               "Any manifestation by words or other conduct by

                                  one person to another that, under the circumstances

                                  amounts to an assertion not in accordance with facts;

                                  an untrue statement of facts".

5) On December 14, 2007 petitioner went before the Honorable Timothy J. Wilson Judge of Division 23 with attorney Mr. Scott Thompson and a Mr. Stephen Mc.asson who's been a Document Examiner for 36 years (Tr. Cause No. 2203P-04366) page 35 -- indicate that the letter was not written by petitioner, (Tr.37) were the examiner says "Then it's the same, are you saying that you could absolutely exclude the person who wrote the letter as being the person who authored Mr. Whitehorn's personal letter?

A: Well, if I can make the assumption that the known writing is normally writing, then yes, It's two different style entirely. (Tr.35) Mr. Mckesson said that Q: And what was your conclusion?

A: That there's no indication tnat these two letter were writing by the same person. This comes when comparing the letter received from a bailiff from the alleged victim; (Tr.8) (Tr.17) explained petitioner's attempts to locate Ms. Johnson as well as ask for assistance or just a handwritten simple to prove that Ms. Johnson had wrote the letter and lied on petitioner. A Evidentiary Hearing or New Trial would be very appreciated to prove petitioner is innocence of any wrong doing.

For the record, petitioner has no understanding or legal knowledge about Missouri's pleading standards because I'm no attorney, but I pray that this honorable Court will hrant me a Evidtenitary Hearing or a New Trail and/or a legal counsel to help me to understand.

Petitioner swears under oath that everything is true to petitioner's knowledge and what little petitioner understands.

Darrell Whitehorn 156606

*Darrell Whiteh*

*James Glass.*

Notary

JAMES GLASS
My Commission Expires
March 3, 2013
Cole County
Commission #09758086

to become a member.  It is your responsibility to choose your friends wisely as these individuals might not have your best interest in mind.

**Verbal and Physical Harassment** or strong-arming may occur: In the event such harassment should occur and you think you need assistance in handling this problem, contact a staff member for help.

**To Avoid Sexual Assault:**  Choose your company carefully.  Avoid being alone.  Avoid any type of indebtedness.  Do not borrow anything.

If you are assaulted:  Contact a staff member immediately.  If sexually assaulted, do not remove physical evidence by washing or using the toilet.  This will help in possible prosecution.  Cooperate with the investigator.   Provide all information regarding the identity of the aggressor.  Offenders will be evaluated/treated by appropriate medical personnel.

**Crime Tips Hotline:**  This provides a means for offenders to leave information anonymously in reference to criminal activity inside or outside institutional confinement.  Calls will be received at the Criminal Investigations Unit offices and located in a secure area with protected access. All received calls will be voice recorded.  Hotline use

64

is designated to report criminal activity or safety and security issues related to the department. The Hotline will not be utilized for complaint, grievances or unrelated purposes.   The Crime Tips Hotline telephone number is *9-555.

The following are some ways to help you avoid situations noted above:

**Mind your own business.**  Don't discuss your personal business such as money, sentence/ offense, family, career, criminal history, etc.

**Keep your possessions to a minimum.** The more you have, the more you become a target.

**Avoid idle time.**   Get involved in self-improvement activities such as education, vocational training, recreation, jobs and religion.

**If stress levels become too much or you have thoughts of self-harm/suicide,** seek staff help.

**If you think you need protection,** you must notify a staff member as soon as possible. You will be placed in Temporary Administrative Segregation until a hearing is held. At the hearing, you must provide complete information regarding

65

Exhibit
A